IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00153-MR

| | |
|---|---|
| **DARIOUS BOWENS,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **TODD ISHEE, et al.,** ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI), where he is presently incarcerated. [Doc. 1]. He names as Defendants: Mike Slagle, the MVCI warden; Dexter Gibbs, the MVCI assistant warden; Eddie M. Buffaloe, the North Carolina Department of Public Safety (NCDPS) director of prisons; and Todd Ishee, the NCDPS secretary. He claims that the Defendants have violated his First, Eighth, and Fourteenth Amendment rights as follows:

> Around January 25, 2022 the Defendants issued an institutional lockdown 23 hours a day. Now it is currently 21 hours a day. Different people say it's because this prison is short of officers. This long lockdown has hurt me mentally, physically – lack of exercise, and the defendants failed to provide inmates proper notice of the lockdown. Also we have not been getting religious services…. It seems like since being on lockdown, people who work here do not do there jobs. There delay in sickcalls, not enough outside recreation, etc.

[Id. at 4-5] (errors uncorrected).

As injury, the Plaintiff claims that his "mental health has gotten worse" due to the lockdown and lack of religious services, and that he been "unable to physically exercise, etc." [Id. at 5]. He seeks injunctive relief and damages. [Id.].

## II.   STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff appears to seek relief on behalf of himself and other MVCI inmates. [See, e.g., Doc. 1 at 5 (referring to "us" and the "inmate population")]. As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court The right to litigate for oneself, however, does not create a coordinate right to

3

litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of his family and other inmates, they are dismissed.

The Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against Defendants in their official capacities for damages do not survive initial review and will be dismissed.

4

## B. Conditions of Confinement

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–-that the harm inflicted was sufficiently serious–-and a subjective component–-that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

5

Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, the Plaintiff's allegations about facility lockdown are too vague and conclusory to state an Eighth Amendment violation. The conditions that the Plaintiff has identified are not objectively serious enough, and he has failed to adequately allege that any Defendant knew of, and was deliberately indifferent to, a substantial risk of serious harm to him. Moreover, his allusions to worsening "mental health" and lack of exercise are too vague and conclusory to plausibly demonstrate that he suffered any serious or significant mental or emotional injury as a result of the policy at issue. [Doc. 1 at 5]. Accordingly, the Plaintiff's Eighth Amendment claim regarding the conditions of his confinement is dismissed without prejudice.

### C. Deliberate Indifference to a Serious Medical Need

Prisoners have the right to receive adequate medical care while incarcerated. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016). This constitutional right is violated when a prison official demonstrates "deliberate indifference" to an inmate's serious medical or psychological needs. Id.; Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 120 (4th Cir. 1990) ("A serious psychological

6

Case 1:22-cv-00153-MR    Document 9    Filed 09/28/22    Page 6 of 11

impairment can qualify as [a serious] medical need."). To state a § 1983 claim for deliberate indifference to a serious medical need, a prisoner must show that he has a serious medical need and that officials knowingly disregarded that need and the substantial risk it posed. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018); see Farmer, 511 U.S. at 832.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola, 884 F.3d at 846. The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Mere negligence or malpractice does not violate the Eighth Amendment. Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825.

The Plaintiff has failed to state a claim for deliberate indifference to a serious medical or psychological need. His vague references to delays in sick calls and his worsening "mental health" fail to demonstrate the existence

of any serious medical or mental health need. [Doc. 1 at 5]. Nor does he plausibly allege that any Defendant was aware of, and was deliberately indifferent to, such a need. Therefore, the Plaintiff's claim for deliberate indifference to a serious medical or psychological need is dismissed without prejudice.

### D. Religious Exercise

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief and that the official action or regulation substantially burdened his exercise of that belief. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Here, the Plaintiff fails to allege that he has a sincere religious belief, or that the Defendants have substantially burdened such a belief. His bare assertion that he has not been able to have religious services since the lockdown began is insufficient to state a First Amendment claim. [Doc. 1 at 4-5]. Accordingly, the Plaintiff's religious exercise claim is dismissed without prejudice.

## E. Due Process

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

The Plaintiff's allegation that the Defendants failed to provide him with "proper notice" about the lockdown fails to state a due process claim. [Doc. 1 at [Doc. 1 at 4]. He has failed to adequately allege that he had any liberty interest in avoiding the conditions of which he presently complains such that any process was due. See Prieto v. Clarke, 780 F.3d 245, 251 (4th Cir. 2015)

9

("harsh and atypical confinement conditions in and of themselves [do not] give rise to a liberty interest in their avoidance"). Therefore, the Plaintiff's due process claim is dismissed without prejudice.

**IV. CONCLUSION**

In sum, the Plaintiff has failed to state a claim against any Defendant, and the Complaint is dismissed. The Plaintiff's claims for damages against the Defendants in their official capacities and the claims he asserts on behalf of others are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The claims for damages against the Defendants in their official capacities, and the claims that the Plaintiff asserts on behalf of others are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**

4. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: September 28, 2022

Martin Reidinger
Chief United States District Judge