IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00153-MR

| | |
|---|---|
| DARIOUS BOWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD ISHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff has been ordered to pay the full filing fee. [Doc. 8].

**I.    BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI), where he is presently incarcerated. [Doc. 1]. The Complaint failed initial review and the Plaintiff was granted the opportunity to amend. [Doc. 9]. The Amended Complaint is now before the Court for initial review. [Doc. 10].

The Plaintiff again asserts claims against Defendants Slagle, Gibbs, Buffaloe, and Ishee for violating his First, Eighth, and Fourteenth

Amendment rights.[1] [Doc. 10 at 4-5]. For injury, the Plaintiff claims that his "mental health has worsened"; that he has experienced anxiety, mild panic attacks, paranoia, nightmares, and depression; and that he has missed his medication call because of dorm noise. [Id. at 5]. He seeks injunctive relief and damages. [Id.].

## II. STANDARD OF REVIEW

Even when a prisoner has paid the filing fee, the Court must conduct an initial review and identify and dismiss the Amended Complaint, or any portion of it, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Amended

---

[1] He purports to sue Defendants Slagle and Gibbs in their official and individual capacities, and he sues Defendants Buffaloe, and Ishee only in their official capacities.

Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Conditions of Confinement

The Plaintiff again claims that on January 25, 2022, Defendants Gibbs and Slagle, with the approval of Defendants Buffaloe and Ishee, placed the inmate population on a lockdown, which violated the Eighth Amendment. Specifically, he claims that he has not been able to contact his family and friends over the phone because time out of the cell is limited; that outside recreation has not happened "like we are supose to have"; that lockdown is the same as solitary confinement and "causes a lot of depression with [him]"; and that floor officers hardly ever do their rounds to make sure inmates are "ok." [Doc. 10 at 8-9] (errors uncorrected). He claims that these conditions have caused him to experience anxiety, mild panic attacks and cabin fever, and depression. [Id. at 5, 8-9].

The Plaintiff has again failed to identify conditions that are sufficiently serious, and he has failed to plausibly allege that the Defendants knew of, and were deliberately indifferent, to a substantial risk of serious harm to the Plaintiff. Accordingly, this claim is dismissed for the reasons discussed in the Order on initial review of the Complaint. [See Doc. 9 at 5-6].

**B.     Deliberate Indifference to a Serious Medical Need**

The Plaintiff again appears to assert a claim for deliberate indifference to a serious medical or psychological need. He claims that he takes "mental health medication"; that sometimes he does not hear the medication call because the lockdown causes dorm noise; that missing his medication causes "bad side effects and even worsen mental health;" and that nobody knows about the nightmares, panic attacks and paranoia that happen when he is alone in his cell. [Doc. 10 at 5].

These allegations are again too vague and conclusory to state a claim for deliberate indifference to a serious medical or psychological need, and they are dismissed for the reasons discussed on initial review of the Complaint. [See Doc. 9 at 6-8].

**C.     Religious Exercise**

The Plaintiff appears to again assert a religious free exercise claim. He claims that "[r]eligious services will help my mental health, there being

4

denied." [Doc. 10 at 5] (errors uncorrected). This vague and conclusory claim fails the reasons discussed on initial review of the Complaint. [See Doc. 9 at 8].

### D. Due Process

The Plaintiff again asserts a procedural due process claim. He claims that he "never received proper and lawful notice regards to being placed on lockdown and modified housing." [Doc. 10 at 8]. This claim fails for the reasons discussed on initial review of the Complaint. [See Doc. 9 at 9].

## IV. CONCLUSION

This action is dismissed with prejudice, as the Plaintiff was previously granted to opportunity to amend and is unable to state a claim. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and 28 U.S.C. § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

The Clerk of Court is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge